UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| TIMOTHY D. JOHNSON, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | No. 4:17CV1911 HEA |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on petitioner's application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241. Rule 4 of the Rules Governing Habeas Corpus Cases in the United States District Courts provides that a district court shall summarily dismiss a habeas corpus petition if it plainly appears that the petitioner is not entitled to relief. As set forth in detail below, petitioner's claims will be denied, and no certificate of appealability shall issue.

**Background**

On February 17, 2016, while on supervised release under docket number *United States v. Johnson*, No. 4:12-CR-0335 HEA (E.D.Mo.), petitioner was arrested for a parole violation and returned to the custody of the Missouri Department of Corrections ("MDOC") under *State v. Johnson*, Case No. 1222-CR04103-01 (22nd Judicial Circuit, St. Louis City).[1] At this point, the State of Missouri had primary jurisdiction over petitioner. *See, e.g., United States v. Cole*, 416 F.3d 894, 897 (8th Cir. 2005) ("As between the state and federal sovereigns, primary jurisdiction

---

[1]A warrant had been issued for petitioner on February 7, 2016, after petitioner left his residence without permission, and he was allegedly charged for aggravated stalking in the first degree and violation of an ex parte or full order of protection. *See State v. Johnson*, Case No. 1522-PN02470 (22nd Judicial Circuit, St. Louis City).

over a person is generally determined by which one first obtains custody of, or arrests, the person.").

On May 4, 2016, petitioner was transferred on a *writ ad prosequendum* from the custody of the MDOC to the custody of the United States Marshals Service to appear for a revocation hearing in *United States v. Johnson*, No. 4:12-CR-0335 HEA (E.D. Mo).

On June 28, 2016, petitioner received a ten (10) month sentence of imprisonment for his revocation in *United States v. Johnson*, No. 4:12-CR-0335 HEA (E.D. Mo). At that time, the Court ordered the sentence to run consecutive to petitioner's sentence in his state case in *State v. Johnson*, Case No. 1222-CR04103-01 (22nd Judicial Circuit, St. Louis City).

**Legal Standards**

Section 2254 supplies federal jurisdiction over habeas petitions filed by the inmates challenging their state convictions or sentences, or the execution of those state sentences, including the issues of parole, term calculation, etc. *See* 28 U.S.C. § 2254. In contrast, 28 U.S.C. §§ 2241 and 2255 confer jurisdiction over the petitions filed by federal inmates.

Since "[t]he exact interplay between § 2241 and § 2255 is complicated, [and] an explication of that relationship is unnecessary for resolution of this [case]," *Cardona v. Bledsoe,* 681 F.3d 533, 535 (3d Cir.2012) (citing *In re Dorsainvil,* 119 F.3d 245, 249 (3d Cir.1997)), it is enough to state that "[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." *Okereke v. United States,* 307 F.3d 117, 120 (3d Cir.2002).

As example, claims attacking plea agreements are raised in § 2255 motions. *See, e.g., Hodge v. United States,* 554 F.3d 372, 374 (3d Cir.2009); *United States v. Williams,* 158 F.3d 736, 737–40 (3d Cir.1998). On the other hand, § 2241 "confers habeas jurisdiction to hear the

petition of a federal prisoner who is challenging not the validity but the execution of his sentence," for instance, by raising claims attacking the Bureau of Prisons ("BOP") calculation of his prison term or designation of his place of confinement if it yields a "quantum of change" in the level of his custody. *Woodall v. Fed. Bureau of Prisons,* 432 F.3d 235, 241 (3d Cir.2005) (quoting *Coady v. Vaughn,* 251 F.3d 480, 485 (3d Cir.2001)); *compare Ganim v. Fed. Bureau of Prisons,* 235 Fed.Appx. 882 (3d Cir.2007) (a change in the geographical locale of imprisonment cannot yield the requisite quantum of change).

## Discussion

Petitioner is challenging the execution of his federal and state sentences. Specifically, petitioner is asserting that he believes his federal revocation sentence of 10 months should have started immediately after his June 28, 2016 sentencing date in this Court. However, according to petitioner, he has still not been released into the Bureau of Prisons custody in order to start his federal sentence. Rather, petitioner is currently serving his state prison time in the Eastern Reception, Diagnostic and Correctional Center ("ERDCC").

**A. Petitioner's Claims Relating to the Primary Jurisdiction Doctrine**

Pursuant to the doctrine of primary jurisdiction, service of a federal sentence generally commences when the United States government takes primary jurisdiction and a prisoner is presented to serve his federal sentence, not when the United States takes physical custody of a prisoner who is subject to another sovereign's primary jurisdiction. *See United States v. Hayes*, 535 F.3d 907, 909-10 (8th Cir. 2008); *see also,* 18 U.S.C. § 3585(a) ("A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."); *Binford v. United States*, 436 F.3d 1252, 1256

3

(10th Cir. 2006) (sentence begins when received into custody for purpose of serving sentence, not when received into custody at an earlier time on a writ for the purpose of adjudicating federal claims).

The first sovereign to take physical custody of a defendant retains "primary jurisdiction" until releasing that jurisdiction. *See United States v. Cole*, 416 F.3d 894, 897 (8th Cir. 2005) "Generally, a sovereign can only relinquish primary jurisdiction in one of four ways: 1) release on bail, 2) dismissal of charges, 3) parole, or 4) expiration of sentence." *Id.*

In this case, as noted above, the State of Missouri was the first to take physical custody of petitioner when they arrested him. At that time, he remained in the state's custody until he was taken by writ into the custody of the federal government to be prosecuted for several violations of his supervised release, pursuant to the *writ of habeas corpus ad prosequendum*.

Yet, even the transfer of physical control over petitioner's custody did not terminate Missouri's primary jurisdiction over petitioner. *See Hayes*, 535, F.3d at 910 (federal sentence did not commence during or after the period of *writ of habeas corpus prosequendum* but rather after service of state sentence). Rather, petitioner remained subject to Missouri's primary jurisdiction and was temporarily on loan to the United States.

Moreover, a state court is generally not empowered to release a state's primary jurisdiction. *See United States v. Dowdle*, 217 F.3d 610, 611 (8th Cir. 2000) ("Because the state's jurisdiction was relinquished by a state judge, rather than the prosecutor or a representative of the state executive branch, the relinquishment was ineffective and Dowdle's status was a state prisoner was unchanged.").[2]

---

[2]To the extent a state court Judge or other official has informed plaintiff that his revocation sentence should be served concurrently with any additional state court sentence, such statements are not binding on the federal Courts or the Bureau of Prisons. *See Fegans v. United States*, 506

In conclusion, to the extent petitioner's arguments amount to an attack on the primary jurisdiction doctrine, or a challenge to the BOP's failure to honor the state court's intentions, the Court must reject such arguments, as Missouri obtained primary jurisdiction in his case when they arrested him on February 17, 2016.

In fact, it appears that the State of Missouri has still not released primary jurisdiction over petitioner, which is why he still remains in state custody. Thus, the Court has no other recourse than to deny and dismiss petitioner's application for writ of habeas corpus.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's request for habeas corpus relief brought pursuant to 28 U.S.C. § 2241 is **DENIED AND DISMISSED**.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 20th day of November, 2017.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

---

F.3d 1101, 1104 (8th Cir. 2007). The non-binding nature of the state court's intentions are, understandably, frustrating to criminal defendants because the "state court's action raises the defendant's expectations but does not resolve the issue." *Id.*